## SWIFT AND OTHERS *VS.* BARNUM.

The plaintiffs delivered a quantity of hat-bodies and fur to B, who was to furnish trimmings and make them into hats for ten dollars per dozen. When most of the hats were ready for delivery, they were taken by the defendant, as sheriff, upon a writ of attachment in a suit against B, and sold upon an execution afterward obtained in said suit. Before the sale on execution, the plaintiffs demanded the hats, and tendered to the defendant $— for the services and expenses of B, and his lien on that account. The defendant received said money, making no claim for a larger sum, but refused to deliver the hats. In an action of trover, the court instructed the jury, that if the plaintiffs merely delivered the hat-bodies and fur to B, to be manufactured into hats, and had never parted with their property, they were entitled to a verdict, and that the rule of damages would be, not the full value of the hats, but the value of the hat-bodies and fur, together with the sum of $— paid to the defendant, and the interest on both sums from the time of the demand, and that the defendant's acceptance of said sum tendered, without objection as to the amount, should be considered as a waiver of all further claim on that account. Held, that the defendant was not entitled to the application of any more favorable rule of damages than that laid down by the court, and that the verdict ought not to be disturbed.

THIS was an action of trover, tried before the jury at Fairfield, February term, 1855. The defendant pleaded the general issue, with notice of special matter justifying the taking, to be given in evidence.

Upon the trial, it was admitted that the defendant, as a deputy of the sheriff of the county of Fairfield, had attached the goods described in the plaintiffs' declaration, as the property of Harvey Brisco, in the manner set forth in the notice, annexed to his plea.

The plaintiffs, in support of their title to the goods, introduced evidence to prove, that among other kinds of business, they were engaged in employing hatters, residing in different parts of the country, to manufacture materials furnished by them into hats; that, some weeks·prior to said attachment, they delivered to said Brisco a certain number of hat-bodies, and a quantity of fur, to be made into hats for them, and for making and trimming them, he was to receive ten

dollars per dozen, upon delivering them to the plaintiffs, at their store in the city of New York, and that the goods, claimed in their suit, were hats made from the materials thus furnished to Brisco.

The defendant denied that the hat-bodies and fur had been delivered to Brisco under any such agreement, but claimed that the property had been sold to him by the plaintiffs.

It appeared from the evidence, that the plaintiffs, at the time they delivered the hat-bodies and fur to Brisco, sold him a quantity of materials for trimming hats, and charged the same to him on their account, but no charge was made of the hat-bodies and fur, other than an entry in a book kept for such purpose, of the quantity delivered and the time when delivered, and that, in settling the price which Brisco was to receive for making the hats, six dollars per dozen were allowed for the labor, and four dollars for the materials used in the trimming.

The defendant testified, that, on the 20th of February, 1852, the plaintiffs' attorney tendered to him the sum of seventy-six dollars, for the lien of said Brisco in making said hats, and demanded of him the hats; that he received the money but refused to deliver up the hats, saying, however, that he would see the attaching creditor and take his direction upon the subject; that he afterward saw the creditor, and they concluded not to deliver up the property attached, but he never informed said attorney of that conclusion, and the attorney, after having waited some two or three days, commenced the suit. He further testified, that when said demand was made, he made no other or further claim for any other lien than the seventy-six dollars.

The hats were attached at the shop of said Brisco in Newtown, in this state, and the greater part of them were finished, and ready to be forwarded to the plaintiffs, in New York.

It was also proved, that the value of the hats when at-

tached, was from $24 to $25 per dozen, and the value of the hat-bodies and fur about $10 less per dozen.

Upon this evidence the defendant claimed, and prayed the court to instruct the jury—1. That the property in said hat-bodies and fur, vested in said Brisco at the time the same were delivered to him, and that the hats, made therefrom, were liable to attachment as the property of Brisco. 2. That if the materials for trimming said hats had become so intermingled with the fur and hat-bodies that they could not be separated therefrom, no recovery could be had against the defendant for attaching them as the property of Brisco. 3. That the plaintiffs could recover no more damages than the value of said hats, after deducting therefrom the value of Brisco's labor upon them at $6 per dozen, and the value of the trimmings at $4 per dozen, with interest upon the balance, from the time of the demand.

The court did not instruct the jury in accordance with the claims of the plaintiff; but instructed them that if the plaintiffs merely delivered the hat-bodies and fur to B, to be manufactured into hats, and had never parted with their property therein, they were entitled to a verdict, and that the rule of damages would be, not the full value of the hats, but the value of the hat-bodies and fur together, with the sum of seventy-six dollars paid to the defendant, and the interest on both sums from the time of the demand. And that the defendant's acceptance of said sum tendered, without objection as to the amount, should be considered as a waiver of all claim for a greater sum.

The jury returned a verdict for the plaintiffs; and the defendant moved for a new trial.

*Belden,* and *Beardsley & Seeley,* in support of the motion, cited 1 Sw. Dig., 286. *Moor* v. *Boswell,* 5 Mass. R., 307.

*White*, contra.

1. The superior court, in the charge to the jury, very properly left it with them to find whether the plaintiffs had ever parted with their property in the goods, and their verdict is final and conclusive upon that point.

2. Brisco was the mere bailee of the plaintiffs, and the intermingling of his property with theirs, if without fraud, could not in any manner affect the rights of the plaintiffs, and did not change the property in the goods as against them. The hats were their property in every stage of manufacture. *Babcock* v. *Gill*, 10 Johns., 287. *Batchelder* v. *Warren*, 19 Verm. R., 371. *Eaton* v. *Lynde*, 15 Mass. R., 242. *Buckmaster* v. *Mower*, 21 Verm. R., 204. *Frost* v. *Willard*, 9 Barb. Sup. Ct., 440.

3. The tender to the defendant, and acceptance of the same, without denial of its sufficiency, was a full satisfaction of all Brisco's claim upon the hats for labor and materials. And the defendant, by his silence, when the tender and demand were made, waived any further claims for the same. *Thompson* v. *Rose*, 16 Conn. R., 71.

4. The charge to the jury, on the question of damages, was one, of which the defendant can not with propriety complain. It was simply an instruction to the jury, to give to the plaintiffs, in case of a verdict in their favor, the original value of said material, and annexing to that value as damages, the money which the plaintiffs had paid to the defendant.

5. The court will not grant a new trial, when justice has already been done between the parties.

SANFORD, J. This is a motion for a new trial, complaining of the charge of the court to the jury.

The plaintiffs, residing in New York, delivered a number of hat-bodies and a quantity of fur to one Brisco, to be manufactured into hats for the plaintiffs, (Brisco finding the

trimmings,) for which manufacture and trimmings the plaintiffs agreed to pay Brisco ten dollars per dozen, upon the delivery of the hats in New York,—the making being estimated at six dollars, and the trimmings at four dollars per dozen, and the value of the finished hats being twenty-four or twenty-five dollars per dozen.

Most of the hats were finished and ready to be forwarded to the plaintiffs, when they were taken at Brisco's shop in Newtown, by the defendant, a deputy-sheriff, upon an attachment in favor of one Curtis against Brisco, as the property of Brisco, and were afterward sold upon the execution obtained by Curtis in that case.

No question was made, as to the regularity of the proceedings under that attachment or execution.

Before the sale of the hats, and before the commencement of this suit, the plaintiffs tendered to the defendant the sum of seventy-six dollars, for the services and expenses of Brisco in the manufacture of the hats, and for his lien on that account, and demanded the property of the defendant. The defendant received the money without objection, and made no claim for a larger sum, but refused to give up the hats, and this action of trover was brought to recover the value of them.

The defendant sought to justify the taking under his attachment, and claimed that if the plaintiffs were entitled to a verdict, the rule of damages should be the value of the hats, deducting ten dollars per dozen for Brisco's labor and trimmings, with interest from the time of the demand.

The court instructed the jury, that if they should find that the plaintiffs merely delivered the hat-bodies and fur to Brisco, to be made into hats for them, and had never parted with their property in the same, they were entitled to a verdict, and that the rule of damages would be, not the full value of the hats, but the value of the hat-bodies and fur, together with the sum of seventy-six dollars paid to the defendant, and interest on both sums from the time of the demand.

And that the defendant's acceptance of seventy-six dollars for Brisco's lien, making no claim for a larger sum, should be considered as a waiver of all further claim on that account.

The only error in the charge, which the counsel for the defendant insist upon in this court, relates to the rule of damages.

Under the charge, the jury must have found that the hats were the property of the plaintiffs, subject to Brisco's lien, and that the full amount of that lien was tendered and paid by the plaintiffs, and received by the defendant,—so that the hats, discharged from the lien, (at any rate, so far as the defendant was concerned,) were, at the time of the demand, the absolute property of the plaintiffs, and they were entitled to the immediate possession of them. And it is fair to infer from the charge and the verdict, that "the full value of the hats" was something more than the value of the hat-bodies and furs, together with the money paid to the defendant on account of the lien. Whatever therefore might be said of the charge on this point, by the plaintiffs, the defendant has no cause of complaint.

The value of the property at the time of its conversion, is, ordinarily, the rule of damages. 2 Greenl. Ev., § 276. And we think the defendant has failed to show the existence of any fact, or circumstance, which entitles him to the application of any more favorable rule than that laid down in the charge, and that the verdict ought not to be disturbed. *Johnson* v. *Blackman,* 11 Conn. R., 342. *Holly* v. *Brown,* 14 Conn. R., 255. *Kelsey* v. *Hanmer,* 18 Conn. R., 311.

In this opinion the other judges concurred, except WAITE, C. J., who was disqualified.

New trial not to be granted.